UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>LOUIS DANIEL SMITH, also known as Daniel Smith, also known as Daniel Votino; KARIS DELONG, also known as Karis Copper; TAMMY OLSON; and CHRIS OLSON,<br><br>       Defendant. | NO:  CR-13-14- RMP-1<br><br>ORDER DENYING DEFENDANT SMITH'S MOTIONS FOR RECONSIDERATION |

**BEFORE THE COURT** are two motions for reconsideration filed by Defendant Louis Daniel Smith, ECF Nos. 285 and 286.  Defendant Smith seeks reconsideration of the Court's Order Denying Defendant Smith's First, Second, and Fourth Motions to Suppress, and Granting in Part and Denying in Part Defendant Smith's Third Motion to Suppress, ECF No. 275.[1]

---

[1] The Court previously informed Defendant Smith that all arguments related to the same issue should be presented in one motion complying with the requirements of

ORDER DENYING MOTIONS FOR RECONSIDERATION ~ 1

Under the doctrine of the "law of the case," courts are "generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). The law of the case doctrine "ordinarily precludes reconsideration of a previously decided issue." *Id.* at 877. A court may depart from the law of the case and grant reconsideration only where a change in the law or circumstances has occurred, the prior ruling was clearly erroneous, or manifest injustice would result if reconsideration were denied. *Id.* at 876.

In his motions, Defendant Smith appears to rely on clear error or manifest injustice as grounds for reconsideration of the Court's prior Order. Defendant Smith's motions for reconsideration contain reargument of points already considered and rejected by the Court in issuing its previous Order. The Court has reviewed the briefing and finds no basis for clear error or manifest injustice.

**A. ECF No. 285**

In his first motion for reconsideration, ECF No. 285, Defendant Smith mischaracterizes the Court's order as holding only that Defendant Smith has no

---

Local Rule 7.1(e). ECF No. 282 at 4. Defendant Smith has ignored this directive in filing two separate motions for reconsideration relating to the same Order for which reconsideration is sought, ECF No. 275.

ORDER DENYING MOTIONS FOR RECONSIDERATION ~ 2

1  reasonable expectation of privacy in "transactional information" such as IP
2  addresses.

3  While the Court certainly made note that some of the information the
4  Government obtained pursuant to the Google search warrant constituted
5  transactional information for which Defendant Smith had no reasonable
6  expectation of privacy, this was not the entirety of the Court's ruling on Defendant
7  Smith's overbreadth argument.  The Court's primary ruling was that the thirty-
8  three page affidavit submitted in support of Special Agent Borden's search warrant
9  application established probable cause to seize the particular things named in the
10 warrant, notwithstanding the large volume of information validly seized pursuant
11 to the warrant.  ECF No. 275 at 9-11.

12 **B. ECF No. 286**

13 In his second motion for reconsideration, ECF No. 286, Defendant Smith
14 suggests that the Court did not consider *United States v. Comprehensive Drug*
15 *Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010) (en banc) ("*CDT*"), or *United States v.*
16 *Tamura*, 694 F.2d 591 (9th Cir. 1982), in analyzing Defendant Smith's argument
17 regarding the search protocol attached to the Google search warrant.

18 The Court in fact considered both of those cases and concluded that even
19 though Google, Inc., transmitted information to the Government than the
20 Government was authorized to seize under the warrant, this did not warrant

ORDER DENYING MOTIONS FOR RECONSIDERATION ~ 3

suppression of those materials that were properly seized by the Government. *CDT*, 621 F.3d at 1169 (discussing *Tamura*, 694 F.2d at 596-97). To implicate the concerns of *CDT* or *Tamura*, Defendant Smith would need to demonstrate that the Government overseized data and then asserted that certain data, while not responsive to the search warrant, was nonetheless admissible pursuant to the "plain view" doctrine. *CDT*, 621 F.3d at 1171. The Government has made no such assertion here and Defendant Smith's proposed wholesale exclusion of all properly seized materials is not consistent with *CDT* or *Tamura*.[2]

Thus Defendant Smith has not established a basis for reconsideration of the Court's prior rulings.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Smith's "Motion to Reconsider Whether Warrant Seeking 'All Business Records' and Indicia of Membership Was, In Fact, constitutionally Valid, and Whether or Not Government Counsel May

---

[2] The Court additionally notes for the benefit of the *pro se* Defendant that the suggested protocols set forth in *CDT* were part of the concurring opinion and thus is not binding precedent. *United States v. Schesso*, 730 F.3d 1040, 1049 (9th Cir. 2013). The concurring opinion itself "propose[d] the protocols not as constitutional requirements but as 'guidance,' which, when followed, 'offers the government a safe harbor.'" *Id.* (quoting *CDT*, 621 F.3d at 1178 (Kozinski, C.J., concurring)). While the Government was certainly obligated to follow the procedures identified in the search warrant protocol, it was by virtue of the protocol having been incorporated into the warrant and not through an independent constitutional doctrine established in *CDT*.

ORDER DENYING MOTIONS FOR RECONSIDERATION ~ 4

Freely File False Pleadings Without Sanctions in the District Court," **ECF No. 285**, is **DENIED**; and

2. Defendant Smith's "Motion to Reconsider Whether Law Enforcement and Government Counsel's Complete Failure to Comply With Search Warrant's Explicit Instructions to Seal All Unauthorized Files and Correspondence and Not Review Them Further Absent an Order of the Court Was In Fact, Flagrant Violation of Constitutional Right," **ECF No. 286**, is **DENIED**.

The District Court Clerk is directed to enter this Order and to provide copies to counsel and pro se Defendant Louis Daniel Smith.

**DATED** this 18th day of March 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge