Christopher E. Parisi
Trial Attorney
Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044-0386
Telephone: (202) 598-2208
Fax: (202) 514-8742

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LOUIS DANIEL SMITH,<br>KARIS DELONG,<br>TAMMY OLSON, and<br>CHRIS OLSON<br><br>Defendants. | **No. CR-13-14-RMP-1-4**<br><br>**RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS**<br><br>6/09/2014<br>Without Oral Argument 6:30pm |

The United States of America, by and through the undersigned counsel, respectfully requests that this Honorable Court deny Defendant Louis Daniel Smith's Motions to Dismiss for Lack of Jurisdiction and for Breach of Attorney Client Privilege. In support, the government avers the following:

<u>Background</u>

Defendant Louis Daniel Smith, along with his coconspirators, was indicted by federal grand jury on January 25, 2013. ECF 1. The indictment alleges all four defendants were involved in a conspiracy to, among other things, manufacture,

SEVER RESPONSE- 1

market, and distribute a misbranded drug in interstate commerce. Id. The indictment charges multiple overt acts committed within the Eastern District of Washington and elsewhere. Id. On May 9, 2014, defendant Louis Daniel Smith filed two motions to dismiss, arguing: (1) That the indictment failed to allege federal jurisdiction for the conspiracy charge; and, (2) that the government, through the use of a privilege review team, violated his Sixth Amendment rights. ECF322, 323. As detailed more fully below, neither of these motions is supported by the law or the facts. Therefore, both must be denied.

## Lack of Federal Jurisdiction

In his first motion, defendant Smith argues that this Court has no jurisdiction to enforce federal criminal statutes unless the criminal acts were committed upon federal lands, or the State of Washington ceded jurisdiction to the federal government. ECF 322 at 7. In making this frivolous argument, the defendant ignores the laws of jurisdiction and venue, and conflates numerous irrelevant statutes.

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. 18 U.S.C. § 3231. Here, the defendant was charged with Conspiracy to Commit an Offense against the United States and Conspiracy to Defraud the United States, both pursuant to 18 U.S.C. § 371. ECF 1. Venue is proper in any district where an act in furtherance of the conspiracy occurred. United States v. Angotti, 105 F.3d 539, 545 (9th Cir. 1997). The indictment alleges numerous overt acts committed by the defendant and his coconspirators within the Eastern District of Washington. ECF 1. As the defendant was properly charged with an offense

against the laws of the United States, and venue in this district was proper, his motion lacks merit and should be denied.

### Breach of Attorney-Client Privilege

In his second motion to dismiss, the defendant makes the unfounded accusation that the government violated his Sixth Amendment right to counsel by failing to properly shield the prosecution team from potentially privileged attorney-client material. ECF 323.

In order to demonstrate a Sixth Amendment violation in these circumstances the defendant must first make a "prima facie showing of prejudice." United States v. Danielson, 325 F.3d 1054, 1071 (9th Cir. 2003) (quoting United States v. Mastroianni, 749 F.2d 900, 908 (1st Cir. 1984)). The defendant must also demonstrate that government agents acted affirmatively to intrude into the attorney-client relationship and thereby obtained the privileged information. Id. Only after the defendant meets this burden does the burden shift to the government to demonstrate there was no prejudice to the defendant. Id. The defendant attempts to avoid his burden by urging the adoption of a "per se" rule of prejudice, and cites Briggs v. Goodwin, 698 F.2d 486 (D.C. Cir. 1983) in support. However, the Ninth Circuit considered such a rule and squarely rejected it in favor of the current two-prong test. Danielson, 325 F.3d at 1071.

The defendant argues that links between various agents and attorneys demonstrate that his Sixth Amendment rights were violated. ECF 323. Whether agents or attorneys work together in the same office, or have collaborated on investigations in the past is not the proper examination. Rather, it is whether the prosecution team was properly shielded from any potentially privileged material. Danielson, 325 F.3d at 1072-73 (Looking with favor upon the government's use of

unaffiliated agents to screen potentially privileged materials). The prosecution team avoids its burden where it employs "firewalls" to insulate itself from potentially privileged trial strategy. Id.

Here, the prosecution team employed Department of Justice Trial Attorney Kathryn Drenning, who is unaffiliated with this prosecution, as a firewall. Attorney Drenning carefully examined the emails obtained by search warrant prior to any review by the prosecution team, promptly notified the defense and the Court of the presence of potentially privileged material, and filed various motions with the Court regarding her findings. See ECF 32, 297. The government, in conjunction with defendant Smith's codefendants, also advocated the appointment of a special master to further review the potentially privileged material prior to any disclosure to the prosecution team or codefendants. ECF 198.

Here, the defendant offers nothing more than false accusations and speculation. He has not made a prima facie showing of prejudice, as required by Danielson. Furthermore, the prosecution team was carefully screened from any potentially privileged material in accord with the Ninth Circuit's favored practices. Where there has been no communication of privileged material to the prosecution team, and where there is no tainted evidence, there is no Sixth Amendment violation. Weatherford v. Bursey, 429 U.S. 545, 558 (1977).

WHEREFORE, the government respectfully requests this Honorable Court deny the defendant's motions to dismiss the indictment.

1  DATED: May 16, 2014					Respectfully submitted,

2								By:   /s/ Christopher E. Parisi
3								Christopher E. Parisi, Trial Attorney
								United States Department of Justice
4								450 Fifth Street, N.W.
								Washington, D.C. 20001
5								Tel: (202) 598-2208
								Fax: (202) 514-8742
6								Christopher.E.Parisi@usdoj.gov

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**SEVER RESPONSE-** 5

### Certificate of Service

I hereby certify that on this 16th day of May, 2014, I caused a true and correct copy of the foregoing **RESPONSE IN OPPOSITION** to be served via the District Court's Electronic Filing System and upon counsel of record listed below:

Virginia Rockwood, Esq.
P.O. Box 10258
Spokane, WA 99209-1258
*Attorney for Karis Delong*

Nicolas Vieth, Esq.
912 E. Sherman Ave.
Coeur d'Alene, ID 83814
*Attorney for Tammy Olson*

Bevan Maxey, Esq.
1835 W. Broadway Ave.
Spokane, WA 99201
*Attorney for Chris Olson*

Louis Daniel Smith
2923 W. Cleveland Ave.
Spokane, WA 99205
*Pro Se*
(Via First Class Mail)

/s/Christopher E. Parisi
Christopher E. Parisi
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044-0386
202-598-2208 (telephone)
202-514-8742 (fax)
Christopher.E.Parisi@usdoj.gov