UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LOUIS DANIEL SMITH, also known as Daniel Smith, also known as Daniel Votino; KARIS DELONG, also known as Karis Copper; TAMMY OLSON; and CHRIS OLSON,<br><br>　　　　　　Defendants. | NO: 13-CR-14-RMP-1<br><br><br>ORDER DENYING DEFENDANT SMITH'S MOTION TO DISMISS INDICTMENT FOR FAILURE TO ALLEGE ESSENTIAL ELEMENTS |

**BEFORE THE COURT** is Defendant Louis Daniel Smith's "Motion to Dismiss Indictment, or Portions Thereof, for Failure to Allege Essential Elements," ECF No. 298. The motion was heard without oral argument. Defendant Smith is appearing in this matter *pro se*.[1] Christopher Parisi has appeared on behalf of the

---

[1] Defendant Smith's motions are liberally construed because he is appearing *pro se*. *See, e.g.*, *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993).

ORDER DENYING MOTION TO DISMISS FOR FAILURE TO ALLEGE ESSENTIAL ELEMENTS ~ 1

Government. The Court has considered the briefing and the file, and is fully informed.

Defendant Smith contends that the Indictment must be dismissed because the Government failed to explicitly allege materiality as an element of the charges of felony misbranding offenses.

Federal Rule of Civil Procedure 7(c)(1) provides: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." An indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. King*, 200 F.3d 1207, 1217 (9th Cir. 1999).

When challenged prior to trial, "an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment." *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005) (quoting *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999)) (per curiam). Materiality is an element of felony misbranding offenses under the Food, Drug, and Cosmetic Act. *United States v. Watkins*, 278 F.3d 961 (9th Cir. 2002). "Materiality" focuses on whether the statement or scheme had the natural tendency to influence or was capable of influencing the intended victim. *See Neder v. United States*, 527 U.S. 1, 16 (1999).

1    An indictment's failure to explicitly allege materiality "will not necessarily
2    render the indictment insufficient." *United States v. Oren*, 893 F.2d 1057, 1063
3    (9th Cir. 1990). "It is well settled . . . that an indictment need not allege the
4    materiality of a false representation if the facts advanced by the pleader warrant the
5    *inference of materiality*." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir.
6    2007) (quoting *United States v. Oren*, 893 F.2d 1057, 1063 (9th Cir. 1990))
7    (emphasis in original).

8    Defendant Smith argues that the Indictment must be dismissed because it
9    does not expressly allege materiality as an essential element of the crimes charged.
10    Defendant Smith cites to *Omer*, where the Ninth Circuit dismissed an indictment
11    that "fail[ed] to recite" materiality as an essential element of the charged offense.
12    395 F.3d at 1088. Defendant Smith reads *Omer* as requiring an explicit recitation
13    of the element of materiality in the indictment. According to Defendant Smith, the
14    *Omer* court in effect held that pleading facts sufficient to warrant the inference of
15    materiality is not sufficient to survive a motion to dismiss the indictment.

16    The Court does not agree with Defendant Smith's reading of *Omer*. *Omer*
17    did not overrule Ninth Circuit precedent, such as *Oren*, holding that an indictment
18    could survive a motion to dismiss despite the failure to explicitly allege materiality
19    where "the facts advanced by the pleader warrant the *inference of materiality*."
20    893 F.2d at 1063 (quoting *Dear Wing Jung v. United States*, 312 F.2d 73, 75 (9th

ORDER DENYING MOTION TO DISMISS FOR FAILURE TO ALLEGE
ESSENTIAL ELEMENTS ~ 3

1   Cir. 1962)) (emphasis in original).  Moreover, the Ninth Circuit affirmed in

2   *Berger*, following the *Omer* decision that Defendant Smith relies upon, that

3   materiality may be inferred from the facts alleged in the indictment.  473 F.3d at

4   1103-04.

5         The Indictment declares that the stated purpose of the alleged conspiracy to

6   introduce misbranded drugs into interstate commerce was "to obtain the chemicals

7   needed to manufacture the drug MMS without revealing to the regulators and

8   supplies the true purpose of the chemicals; to use those chemicals to manufacture

9   the drug MMS in a facility that was hidden from regulators; to offer MMS for sale

10  on websites they had established; and to enrich themselves by obtaining money

11  from the interstate sales of the misbranded drug MMS."  ECF No. 1 at 7.

12        The Indictment further alleges that Defendants labeled their MMS product

13  "for water purification" when it was in fact intended for human consumption.  *Id.*

14  at 8 – 11, 13.  It is alleged that on one such occasion, Defendant Smith ordered

15  sodium chlorite from a Canadian chemical supply company and that the invoices

16  on the shipments of sodium chlorite into the United States identified "PGL

17  Wastewater Systems" as the recipient.  *Id.* at 11.  The Indictment additionally

18  alleges that the Defendants used fake corporate entities and websites to perpetuate

19  the ruse that the sodium chlorite was intended for water purification purposes.  *Id.*

20

ORDER DENYING MOTION TO DISMISS FOR FAILURE TO ALLEGE
ESSENTIAL ELEMENTS ~ 4

at 8-10, 16. Having reviewed the Indictment, the Court is satisfied that the facts alleged warrant the inference of materiality.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Louis Daniel Smith's "Motion to Dismiss Indictment, or Portions Thereof, for Failure to Allege Essential Elements," **ECF No. 298**, is **DENIED**.

The District Court Clerk is directed to enter this Order and to provide copies to counsel and *pro se* Defendant Louis Daniel Smith.

**DATED** this 22nd day of August 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge