UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>LOUIS DANIEL SMITH, also known as Daniel Smith, also known as Daniel Votino; KARIS DELONG, also known as Karis Copper; TAMMY OLSON; and CHRIS OLSON,<br><br>               Defendants. | NO: 13-CR-14-RMP-1<br><br><br>ORDER DENYING DEFENDANT SMITH'S MOTION TO DISMISS COUNT 1 OF THE INDICTMENT FOR LACK OF FEDERAL CRIMINAL JURISDICTION |

**BEFORE THE COURT** is Defendant Louis Daniel Smith's "Motion to Dismiss Count 1 of the Indictment for Lack of Federal Criminal Jurisdiction," ECF No. 322. The motion was heard without oral argument. Defendant Smith is appearing in this matter *pro se*.[1] Christopher Parisi has appeared on behalf of the

---

[1] Defendant Smith's motions are liberally construed because he is appearing *pro se*. *See, e.g.*, *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993).

ORDER DENYING MOTION TO DISMISS COUNT 1 FOR LACK OF
FEDERAL CRIMINAL JURISDICTION ~ 1

1   Government.  The Court has considered the briefing and the file, and is fully

2   informed.

3       Count One of the Indictment in this case charges Defendants Smith, Karis

4   Delong, Tammy Olson, and Chris Olson with conspiracy to commit an offense

5   against the United States or to defraud the United States, in violation of 18 U.S.C.

6   § 371.  ECF No. 1.  Defendant Smith appears to contend that Congress lacked

7   legislative jurisdiction to criminalize a conspiracy under this statute.

8       The United States District Courts have been vested with original and

9   exclusive jurisdiction over all offenses against the laws of the United States.  18

10  U.S.C. § 3231; *see also United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992),

11  *abrogated on other grounds by Koon v. United States*, 518 U.S. 81, 96-100 (1996)

12  ("Federal courts have exclusive jurisdiction of offenses against the laws of the

13  United States under 18 U.S.C. § 3231; the permission of the states is not a

14  prerequisite to exercise of that jurisdiction.").

15      Venue is proper in the Eastern District of Washington because "[v]enue for a

16  conspiracy charge is appropriate in any district where an overt act committed in the

17  course of the conspiracy occurred."  *See United States v. Angotti*, 105 F.3d 539,

18  545 (9th Cir. 1997) (quoting *United States v. Corona*, 34 F.3d 876, 879 (9th Cir.

19  1994)).  The Indictment alleges several overt acts occurring within the Eastern

20  District of Washington.  ECF No. 1.

ORDER DENYING MOTION TO DISMISS COUNT 1 FOR LACK OF
FEDERAL CRIMINAL JURISDICTION ~ 2

1  Regarding legislative jurisdiction, Congress validly exercised its authority

2  under the Necessary and Proper Clause in enacting 18 U.S.C. § 371.  The

3  Necessary and Proper Clause provides that "The Congress shall have Power . . .

4  [t]o make all Laws which shall be necessary and proper for carrying into Execution

5  the foregoing Powers, and all other Powers vested by this Constitution in the

6  Government of the United States, or in any Department or Officer thereof."  U.S.

7  Const. art. I, § 8, cl. 18.  Defendant Smith does not contest the legislative

8  jurisdiction for the underlying offenses the Defendants are accused of conspiring to

9  commit, such as delivering into interstate commerce misbranded drugs, in violation

10 of 18 U.S.C. § 331(a).

11 Accordingly, **IT IS HEREBY ORDERED** that Defendant Louis Daniel

12 Smith's "Motion to Dismiss Count 1 of the Indictment for Lack of Federal

13 Criminal Jurisdiction," **ECF No. 322**, is **DENIED**.

14 The District Court Clerk is directed to enter this Order and to provide copies

15 to counsel and *pro se* Defendant Louis Daniel Smith.

16 **DATED** this 27th day of August 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING MOTION TO DISMISS COUNT 1 FOR LACK OF FEDERAL CRIMINAL JURISDICTION ~ 3