UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DANIEL SMITH, also known as Daniel Smith, also known as Daniel Votino; KARIS DELONG, also known as Karis Copper; TAMMY OLSON; and CHRIS OLSON,<br><br>Defendants. | NO: 13-CR-14-RMP-1<br><br>ORDER DENYING DEFENDANT SMITH'S MOTION TO DISMISS FOR BREACH OF ATTORNEY CLIENT PRIVILEGE |

**BEFORE THE COURT** is Defendant Louis Daniel Smith's "Motion to Dismiss For Breach of Attorney Client Privilege or, in the Alternative, to Suppress the Fruits of the Google Warrant as Tainted Evidence," ECF No. 323. The motion was heard without oral argument. Defendant Smith is appearing in this matter *pro se*.[1] Christopher Parisi has appeared on behalf of the Government. The Court has considered the briefing and the file, and is fully informed.

---

[1] Defendant Smith's motions are liberally construed because he is appearing *pro se*. *See, e.g.*, *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993).

ORDER DENYING MOTION TO DISMISS FOR BREACH OF ATTORNEY CLIENT PRIVILEGE ~ 1

Defendant Smith complains that privileged communications between himself and putative counsel Nancy Lord were swept up in material that Google, Inc., provided to the Government in response to a search warrant issued June 30, 2011. Defendant Smith further alleges that the Government failed to properly shield the trial team from the alleged privileged material. According to Defendant Smith, this resulted in a violation of his Sixth Amendment right to counsel, and dismissal of the Indictment is an appropriate remedy.

The Ninth Circuit has held that a defendant who argues that the government violated his Sixth Amendment right to counsel by obtaining privileged information about the defendant's trial strategy must make a "prima facie showing of prejudice." *United States v. Danielson*, 325 F.3d 1054, 1071 (9th Cir. 2003) (discussing *United States v. Mastroianni*, 749 F.2d 900, 907-08 (1st Cir. 1984)). Establishing a prima facie case of prejudice requires showing that a government informant "acted affirmatively to intrude into the attorney-client relationship and thereby to obtain the privileged information." *Id.* Once such a prima facie case is established, "the burden shifts to the government to show that there has been . . . no prejudice to the defendant[] as a result of these communications." *Id.* (quoting *Mastroianni*, 749 F.2d at 908) (alteration in *Danielson*). The government bears a "heavy burden" in showing lack of prejudice once the defendant has made out a prima facie case. *Id.*

ORDER DENYING MOTION TO DISMISS FOR BREACH OF ATTORNEY CLIENT PRIVILEGE ~ 2

In *Danielson*, the court noted that a prosecution team could insulate itself from inadvertently obtained trial strategy information by screening and segregation of offending information conducted by an unaffiliated person. *Id.* at 1072-73. The *Danielson* court found that the defendant had made a prima facie showing of prejudice where the evidence demonstrated that the government deliberately sent its informant to obtain information from the defendant and the prosecution team made "no attempt" to insulate itself from trial strategy information obtained from the informant. *Id.* at 1073-74.

The record in this case demonstrates that the Government employed a Department of Justice Trial Attorney who is unaffiliated with the prosecution team, Kathryn Drenning, to screen and segregate potentially privileged information. Ms. Drenning in fact reviewed the material obtained through the Google search warrant and separated out potentially privileged communications, including emails between Defendant Smith and his putative attorney. Ms. Drenning informed the Court and the Defendants that such information had been screened out. ECF No. 32. A special master was appointed at the suggestion of the parties, including the Government, to review whether the materials were in fact privileged. ECF No. 198. The documents that were deemed privilege have not been revealed to the trial team.

ORDER DENYING MOTION TO DISMISS FOR BREACH OF ATTORNEY CLIENT PRIVILEGE ~ 3

Defendant Smith complains that Ms. Drenning, despite not being a member of the prosecution team in this case, is an attorney for the Department of Justice and thus works closely with members of the prosecution team on other matters. Defendant Smith speculates that Ms. Drenning and investigating agents have an interest in the outcome of this case and will improperly convey privileged information to the prosecution team despite the firewall employed by the Government. The Court finds that such unsubstantiated arguments fall short of establishing a prima facie case that the government affirmatively intruded into the attorney-client relationship to obtain privileged information for the prosecution. *See Danielson*, 325 F.3d at 1071.

Perhaps recognizing that he cannot make out a prima facie case of prejudice under *Danielson*, Defendant Smith argues that the court should instead apply a per se rule where merely showing that the prosecution possesses trial strategy information would constitute sufficient proof of prejudice. In support of this per se rule, Defendant Smith relies upon *Briggs v. Goodwin*, 698 F.2d 486, 494-95 (D.C. Cir. 1983), where the D.C. Circuit Court of Appeals held that "[m]ere possession by the prosecution of otherwise confidential knowledge about the defense's strategy or position is sufficient in itself to establish detriment to the criminal defendant."

ORDER DENYING MOTION TO DISMISS FOR BREACH OF ATTORNEY CLIENT PRIVILEGE ~ 4

Yet the Ninth Circuit explicitly rejected *Briggs*' per se rule in *Danielson*, instead choosing to adopt the First Circuit's rule that a defendant must show actual prejudice by making out a prima facie case. *Danielson*, 325 F.3d at 1070-71 (discussing *Briggs*, 698 F.3d at 494-95; *Mastroianni*, 749 F.2d at 907-08). Defendant Smith contends that the test adopted by the Ninth Circuit in *Danielson* is insufficient to adequately protect a criminal defendant's Sixth Amendment right to counsel and posits that "[p]heraps it is time to revisit *Danielson*." ECF No. 340 at 4. However, this Court is bound by Ninth Circuit precedent and finds that under the *Danielson* rule, Defendant Smith has not made out a prima facie case of prejudice.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Louis Daniel Smith's "Motion to Dismiss For Breach of Attorney Client Privilege or, in the Alternative, to Suppress the Fruits of the Google Warrant as Tainted Evidence," **ECF No. 323**, is **DENIED**.

The District Court Clerk is directed to enter this Order and to provide copies to counsel and *pro se* Defendant Louis Daniel Smith.

**DATED** this 3rd day of September 2014.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge