UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LOUIS DANIEL SMITH, also known as Daniel Smith, also known as Daniel Votino; KARIS DELONG, also known as Karis Copper; TAMMY OLSON; and CHRIS OLSON,<br><br>　　　　　　　　　Defendant. | NO: 13-CR-14-RMP-1, 2, 3<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF DEFENSE MOTION TO CONTINUE TRIAL |

BEFORE THE COURT is Defendants' Motion for Reconsideration. **ECF No. 397**. Defendant Louis Daniel Smith, who is appearing in this matter *pro se*, filed the motion.[1] Neither co-defendant Karis DeLong nor co-defendant Tamara Olson have filed an opt-out notice to the motion and thus are considered as having

---

[1] Defendant Smith's motions are liberally construed because he is appearing *pro se*. *See, e.g.*, *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993).

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION 1

joined the motion pursuant to the Pretrial Order in this case. ECF No. 122 at 4. Defendant Smith asks this Court to reconsider its prior Order, ECF 374, denying his Motion to Continue, ECF No. 365. The motion was heard without oral argument.

Under the doctrine of the "law of the case," courts are "generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). The law of the case doctrine "ordinarily precludes reconsideration of a previously decided issue." *Id.* at 877. Therefore, a court may depart from the law of the case and grant reconsideration only where 1) the first decision was clearly erroneous, 2) an intervening change in the law has occurred, 3) the evidence on remand is substantially different, 4) other changed circumstances exist, or 5) a manifest injustice would otherwise result. Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion. *Id.* at 876.

In his motion, Mr. Smith appears to rely on clear error or manifest injustice as grounds for reconsideration of the Court's prior Order. However, Mr. Smith merely renews arguments this Court already considered and rejected in issuing its

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION 2

previous Order.  The Court has reviewed the briefing and finds no basis for clear error or manifest injustice.

Apart from accusing this Court of failing to fully consider his previous briefing on the issue, ECF No. 397 at 2, Mr. Smith makes no new arguments, provides no new evidence, and cites to no new case law warranting reconsideration of this Court's prior order.  Mr. Smith insists that this Court's order is based on "manifestly erroneous facts," even though he chronicled his own, very detailed account of the "facts" in his original Motion to Continue.

Mr. Smith now reiterates those same facts in his Motion for Reconsideration.  Specifically, Mr. Smith argues that discrepancies between the electronic discovery that the government provided in February 2013 and the same discovery that the government provided in a different electronic format in March 2014 warrant a continuance of this case.  Mr. Smith points to allegedly missing e-mails, folders, and files.  Finally, Mr. Smith urges this Court to find that the affidavit provided by Mr. Munro of Orange Technologies is determinative.  ECF No. 397.

The Court already considered this affidavit as well as Mr. Smith's account of the alleged discovery discrepancies when it issued its prior Order denying Mr. Smith's motion for a continuance.  Mr. Smith has not cited any new basis for a finding of clear error or manifest injustice that justifies reconsideration by this Court.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION 3

1    Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to

2    Reconsider Defense Motion to Continue Trial and Pretrial Deadlines, **ECF No.**

3    **397**, is **DENIED**.

4    The District Court Clerk is directed to enter this Order and to provide copies

5    to counsel and pro se Defendant Louis Daniel Smith.

6    **DATED** this 2nd day of October 2014.

7

8              *s/ Rosanna Malouf Peterson*
         ROSANNA MALOUF PETERSON
9        Chief United States District Court Judge

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION 4