UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>LOUIS DANIEL SMITH, also known as Daniel Smith, also known as Daniel Votino; KARIS DELONG, also known as Karis Copper; TAMMY OLSON; and CHRIS OLSON,<br><br>                Defendant. | NO: 13-CR-14-RMP-1<br><br>ORDER DENYING DEFENDANT SMITH'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendant Louis Daniel Smith's Motion to Reconsider Denial of Defendant Smith's Motion for Leave to File Remaining Replies re: Motions in Limine, **ECF No. 441**, and Defendant Smith's Motion to Expedite hearing of the same, **ECF No. 442**. Defendant Smith is appearing in this

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION 1

matter *pro se*.[1]  Defendant Smith asks this Court to reconsider its prior Order, ECF 440, denying his Motion for Leave to File Supplemental Reply, ECF No. 436.  The motions were heard without oral argument on October 31, 2014.  The Court finds good cause to grant Mr. Smith's Motion to Expedite, ECF No. 442, and the Court will resolve the motion immediately without need for a response from the Government.

Under the doctrine of the "law of the case," courts are "generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).  The law of the case doctrine "ordinarily precludes reconsideration of a previously decided issue." *Id.* at 877.  Therefore, a court may depart from the law of the case and grant reconsideration only where 1) the first decision was clearly erroneous, 2) an intervening change in the law has occurred, 3) the evidence on remand is substantially different, 4) other changed circumstances exist, or 5) a manifest injustice would otherwise result.  Failure to apply the doctrine of the law of the

---

[1] Defendant Smith's motions are liberally construed because he is appearing *pro se*. *See, e.g.*, *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993).

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION ~ 2

1  case absent one of the requisite conditions constitutes an abuse of discretion. *Id.* at

2  876.

3        In his motion, Mr. Smith appears to argue that the Court's first decision was

4  clearly erroneous as grounds for reconsideration of the Court's prior Order. Mr.

5  Smith makes five arguments in support of his motion. The Court will address each

6  in turn.

7        First, Mr. Smith argues that the Court was incorrect when it stated that "Mr.

8  Smith did not wait for the court's order on his motion for leave to file the

9  supplemental brief before filing his supplemental reply." ECF No. 441 at 2 (citing

10  ECF No. 440 at 2). Mr. Smith contends that he filed his Supplemental Reply as an

11  attachment to his motion for leave to file it. ECF No. 441 at 2. Although Mr.

12  Smith may have referred to the reply brief as being "attached" to his motion for

13  leave to file, the brief was filed as a stand-alone supplemental reply, ECF No. 438.

14  Regardless, Mr. Smith's method of filing was not determinative in the Court's

15  decision denying his motion to file the supplemental reply.

16        Second, Mr. Smith argues that the Court was incorrect when it stated that

17  Mr. Smith's supplemental reply brief did not provide any new arguments not

18  already under consideration by the Court. ECF No. 441 at 2 (citing ECF No. 440

19  at 2). Mr. Smith contends that the supplemental reply "offers a rebuttal to various

20

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION 3

1  responses by the government to various motions in limine by Mr. Smith." ECF

2  No. 441 at 2.  Mr. Smith is incorrect.

3      Mr. Smith's supplemental reply brief addressed eight (8) motions in limine.

4  Of those eight motions in limine, three were not filed by Mr. Smith, but rather by

5  his co-defendant, Tammy Olson.  *Compare* ECF No. 438 at 1-2 (addressing "Joint

6  Motion to Preclude 'References to "MMS" or Bleach'"; "Joint Motion to Preclude

7  References to 'Sovereign Citizens'"; and "Joint Motion to Preclude 'References to

8  Duty Tax'") *with* ECF No. 424 at 3-5 (moving to exclude "References to MMS or

9  Bleach"; "References to Sovereign Citizens"; "References to Duty Tax") *and* ECF

10 No. 428 (missing these three motions in limine).  The Government responded to

11 Ms. Olson's motions, ECF No. 431 at 5-7, and Ms. Olson appropriately filed a

12 reply brief, ECF No. 433 at 5.

13     Mr. Smith is correct that he did not address in his original reply brief, ECF

14 No. 434, the remaining five (5) motions in limine that he now seeks to reply to in

15 his supplemental reply brief.  Nevertheless, Mr. Smith's motions to exclude

16 Google data seized after June 30, 2011, and Google data seized beyond the

17 permissible subject scope of the warrant, ECF No. 428 at 1-7, are both motions to

18 suppress that Mr. Smith previously had raised and the Court previously has

19 considered, ECF Nos. 234, 245 and 388.  These motions are untimely at this

20

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION 4

1  juncture.  The Court is not responsible for Mr. Smith's failure to adequately and
2  succinctly address all relevant arguments in his pleadings.
3      Third, Mr. Smith argues that he could have filed all of his motions in limine
4  as separate pleadings, and that he would then be entitled to file a 10 page reply
5  brief for each pleading.  ECF No. 441 at 2-3.  That may be true, but Mr. Smith did
6  not file all of his motions in limine as separate pleadings.
7      Fourth, Mr. Smith complains that he did not have sufficient time to file a
8  reply brief and that the Court is somehow to blame for Mr. Smith's failure to file a
9  thorough brief.  ECF No. 441 at 3.  The Court reminds Mr. Smith that the parties
10 jointly requested an extension of time to file motions in limine, ECF No. 420, and
11 that Mr. Smith did not file a Notice opting out of that motion, as is required
12 pursuant to the Scheduling Order in this case, ECF No. 122.  To accommodate the
13 parties' joint request for an extension, the Court was required to lessen the amount
14 of time that the parties were allotted to respond and reply to their respective
15 motions.  The Court notes that the other parties in this case submitted their reply
16 briefs on time, within the allowable page limit, and covering all issues they deemed
17 relevant to cover.  Untimely submissions, such as Mr. Smith's "supplemental reply
18 brief" deprive the other parties and the Court of sufficient time to adequately
19 prepare for the hearing on the motions.
20

1  Mr. Smith's reply brief was due on October 27, 2014. Only pleadings
2  submitted on or before that date will be considered by the Court. Mr. Smith is
3  again instructed that he is required to follow the Court's rules and orders in
4  submitting pleadings.

5  Accordingly, **IT IS HEREBY ORDERED**

6  1. Defendant Smith's Motion to Expedite, **ECF No. 442**, is **GRANTED**.

7  2. Defendant Smith's Motion to Reconsider Denial of Defendant Smith's
8  Motion for Leave to File Remaining Replies re: Motions in Limine, **ECF**
9  **No. 441**, is **DENIED**.

10  The District Court Clerk is directed to enter this Order and to provide copies
11  to counsel and pro se Defendant Louis Daniel Smith.

12  **DATED** this 31st day of October 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION 6