UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DANIEL SMITH, also known as Daniel Smith, also known as Daniel Votino,<br><br>Defendant. | NO: 2:13-CR-14-RMP-1<br><br>ORDER MEMORIALIZING COURT'S ORAL RULINGS |

BEFORE THE COURT is Defendant's Motion to Dismiss Count 1, **ECF No. 644**, and Defendant's Motion to Expedite hearing of the same, **ECF No. 645**. The Court heard oral argument on the motion at the final pretrial conference held on May 18, 2015, at 10:00 a.m. in Spokane, WA. Mr. Smith was present and represented by Assistant Federal Defender Matthew Campbell. The United States was represented by Christopher E. Parisi. The Court has reviewed the motions, all relevant filings, and is fully informed.

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 1

Defendant moved to dismiss Count 1 of the indictment on the basis that it is duplicitous. ECF No. 644. Count 1 of the Indictment charges Defendant with conspiracy to:

(a)  commit an offense against the United States by introducing, delivering for introduction, and causing the introduction and delivery for introduction into interstate commerce, with the intent to defraud or mislead, misbranded drugs (to wit: MMS), in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2);

(b)  knowingly defraud the United States and its agencies by impeding, impairing, and defeating the lawful government functions of the United States Food and Drug Administration, specifically, the FDA's duty to protect the health and safety of the public by ensuring that drugs marketed and distributed in the United States are safe and effective for their intended uses, manufactured in establishments which are registered with the Secretary of Health and Human Services, and that the labeling of such drugs bears true and accurate information, including the name and place of business of the manufacturer; and,

(c)  import merchandise contrary to law, and to receive, conceal, sell, and facilitate the concealment and sale of smuggled merchandise, in violation of Title 18, United States Code, Section 545.

ECF No. 1 at 6. Each component of Count 1 is charged as a violation of 18 U.S.C. § 371, Conspiracy to Commit Offense or to Defraud United States. ECF No. 1 at 6.

Defendant argues that Count 1 charges two separate offenses, and therefore is prejudicial. ECF No. 644 at 1-3. Defendant contends that Count 1 is prejudicial to Defendant because the imposition of *Pinkerton* liability could enable a jury to convict Defendant of conspiracy for smuggling based

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 2

1  on a finding that a co-conspirator conspired to commit misbranding.  ECF

2  No. 644 at 2-3.

3        The United States argues that Count 1 does not charge Defendant with

4  two or three separate conspiracies, but rather, a single conspiracy with three

5  different objectives:  (1) misbranding, (2) smuggling, and (3) defrauding the

6  United States.  ECF No. 655 at 1-2.  The United States contends that the

7  "three objects of the conspiracy are unified by a single agreement to profit

8  from the sale of an unapproved drug."  ECF No. 655 at 2.

9        In *Braverman v. United States*, the Supreme Court held that "[t]he

10 allegation in a single count of a conspiracy to commit several crimes is not

11 duplicitous, for 'The conspiracy is the crime, and that is one, however

12 diverse its objects.' " *Braverman v. United States*, 317 U.S. 49, 54 (1942)

13 (quoting *Frohwerk v. United States*, 249 U.S. 204, 210 (1919)).  The Court

14 distinguished a single continuing agreement with several objects from

15 "successive acts which violate a single penal statute" and "a single act which

16 violates two statutes."  *Id.*  Instead, the Court stated that where a single count

17 alleges a conspiracy to commit several crimes, "[t]he single agreement is the

18 prohibited conspiracy, and however diverse its objects it violates but a single

19 statute, s 37 [sic] of the Criminal Code."  *Id.*

20

ORDER MEMORIALIZING COURT'S ORAL RULINGS ~ 3

In later precedent, the Supreme Court distinguished *Braverman* from cases in which one count of conspiracy charges violation of two different conspiracy statutes. *Albernaz v. United States*, 450 U.S. 333, 339 (1981); *see Am. Tobacco Co. v. United States*, 328 U.S. 781, 788 (1946).

Count 1 of the Indictment charges a violation of one statute, 18 U.S.C. § 371, prohibiting conspiracies to commit violations of the law or defraud the United States. Like the indictment in *Braverman*, Count 1 of the Indictment in this case is not duplicitous. Any additional concerns regarding unanimity of the verdict may be resolved by the use of a special verdict form.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Expedite, **ECF No. 645,** is **GRANTED.**

2. Defendant's Motion to Dismiss Count 1, **ECF No. 644**, is **DENIED.**

The District Court Clerk is directed to enter this Order and to provide copies to counsel.

**DATED** this 18th day of May 2015.

                                      *s/ Rosanna Malouf Peterson*
                                      ROSANNA MALOUF PETERSON
                                      Chief United States District Court Judge