UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>LOUIS DANIEL SMITH, also known as Daniel Smith, also known as Daniel Votino,<br><br>          Defendant. | NO:  2:13-CR-14-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is pro se Defendant Louis Daniel Smith's Motion for Reconsideration, **ECF No. 752**.  The Court has reviewed the motion, all relevant information, and is fully informed.

Mr. Smith moves the Court to reconsider its previous Order, ECF No. 742, denying Mr. Smith's Motion for Release pending sentencing.  The Court denied Mr. Smith's motion for release pending sentencing after having been found guilty of felony charges by a jury, because Mr. Smith failed to show by clear and convincing evidence that he was not likely to flee.  ECF No. 742.  Section 3143 of Title 18 of the United States Code states:

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1

> "Except as provided in paragraph (2), the judicial officer **shall order** that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be **detained**, **unless** the judicial officer finds by **clear and convincing evidence** that the person is **not likely to flee** or **pose a danger to the safety** of any other person or the community if released . . . ."

18 U.S.C. § 3143 (emphasis added). Additionally, "the burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). When the Court denied Mr. Smith's motion for release, the Court noted that Mr. Smith had fled previously to Ecuador after a search warrant was executed at his home and that Mr. Smith potentially had access to $130,551.00 that he raised through the crowdfunding website "gofundme.com." ECF No. 742.

Mr. Smith now contends that all of the money that he obtained from the gofundme.com website was "already depleted at the time of trial" and that he "no longer has access to any" of the money. ECF No. 752. Mr. Smith submits a declaration[1] by an individual named Richard Janoka who claims to be the "duly appointed executor" of Mr. Smith's estate. ECF No. 752, Ex. A. Mr. Janoka states that Mr. Smith has $557.26 in his bank account and that Mr. Smith already has spent all of the $109,081.99 that he obtained through the gofundme.com account.

---

[1] The Court will consider Mr. Janoka's declaration which substantially complies with the legal requirements of a declaration although it is undated.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 2

ECF No. 752, Ex. A.  Additionally, Mr. Smith argues that the trial testimony of Chris Olson showed that his trip to Ecuador was a pre-planned vacation, not an intentional flight from law enforcement.

Under the doctrine of the "law of the case," courts are "generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)).  A court may depart from the law of the case and grant reconsideration only where 1) the first decision was clearly erroneous, 2) an intervening change in the law has occurred, 3) the evidence on remand is substantially different, 4) other changed circumstances exist, or 5) a manifest injustice would otherwise result.  Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion.  *Id.* at 876.

Mr. Smith appears to be relying on the exception that permits a Court to reconsider its prior decision based on new evidence.  However, Mr. Smith has not presented any new evidence that changes the outcome of the Court's decision.  Chris Olson's trial testimony in which he referred to Mr. Smith's trip to Ecuador as a "vacation" was evidence that the Court considered previously when it denied Mr. Smith's motion for release.  Additionally, new evidence that Mr. Smith no longer has access to the funds that he obtained through the crowdfunding website does not change the result.  Mr. Janoka's declaration supports the conclusion that Mr. Smith

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 3

raised $109,081.99. Mr. Smith could have purchased plane tickets with those funds prior to their depletion. Mr. Smith has not presented any documentation proving where all of the money went or that he has not used it to arrange a means of flight from the country.

A number of individuals also mailed to the Court unsworn testimonials[2] regarding the individual's belief that Mr. Smith should be released prior to sentencing. However, these statements and the public's perception of Mr. Smith are irrelevant to the issues before the Court, which are whether Mr. Smith has provided clear and convincing evidence to support that he "is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143.

In the previous order, the Court did not analyze whether Mr. Smith poses a danger to the community. 18 U.S.C. 3143. However, in preparation for sentencing, the Government argues that Mr. Smith's actions have posed a risk of danger to others, including contributing to the death of at least one individual. The Government's objections to the draft Presentence Investigation Report, ECF No. 738, and attached exhibits, some of which were admitted at trial, raise arguments that Mr. Smith's prior actions involving MMS had extreme adverse effects on some people who ingested the product pursuant to Mr. Smith's directions. If Mr.

---

[2] Arguably, these statements are not admissible evidence.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 4

Smith was released prior to sentencing, there is no guarantee that Mr. Smith would not present additional risk of injury to individuals by resuming his criminal activity.

Mr. Smith's previous conduct and previous access to a substantial sum of money supports the conclusion that Mr. Smith is a flight risk and the evidence presented at trial and argued by the Government supports the conclusion that Mr. Smith poses a danger to the community.  Mr. Smith has failed to provide clear and convincing evidence that rebuts the requirement under 18 U.S.C. § 3143 that Mr. Smith, who was found guilty after a jury trial, shall be detained prior to sentencing.

Therefore, the Court will not reconsider its prior decision to hold Mr. Smith in custody pending his sentencing hearing.  Accordingly, **IT IS HEREBY ORDERED** that Defendant Smith's Motion for Reconsideration, **ECF No. 752**, is **DENIED.**

The District Court Clerk is directed to enter this Order and provide copies to counsel, pro se Defendant Smith, and the U.S. Probation Office.

**DATED** this 15th day of September 2015.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge