UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>LOUIS DANIEL SMITH, also known as Daniel Smith, also known as Daniel Votino,<br><br>　　　　　　　　Defendant. | NO: 2:13-CR-14-RMP-1<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT are Defendant Louis Daniel Smith's Motion to Reconsider and Motion to Expedite, **ECF No. 770**. Mr. Smith, appearing *pro se*, requests that the Court reconsider its Order Denying Defendant's Motion for Judgment of Acquittal or in the Alternative for a New Trial, ECF No. 759. The Court has reviewed the motion, all relevant filings, its prior Order on Defendant's Motion for Judgment of Acquittal or in the Alternative Motion for a New Trial, ECF No. 759, and is fully informed.

ORDER DENYING MOTION FOR RECONSIDERATION~ 1

As an initial matter, the Court notes that it explicitly stated that "**[t]he Court will not reconsider this Order**" in its prior Order, ECF No. 759 at 16. The Court will however briefly consider Mr. Smith's arguments.

Under the doctrine of the "law of the case," courts are "generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (quoting *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). The law of the case doctrine "ordinarily precludes reconsideration of a previously decided issue." *Id.* at 877. A court may depart from the law of the case and grant reconsideration only where a change in the law or circumstances has occurred, the prior ruling was clearly erroneous, or manifest injustice would result if reconsideration were denied. *Id.* at 876.

Mr. Smith argues that this Court should reconsider its prior order denying his motion for a new trial because the Court's findings were "erroneous as a matter of law" and would "produce a manifest injustice." ECF No. 770 at 1–2. Mr. Smith specifically argues that the Court erred in its analysis concerning: (1) whether his Sixth Amendment rights were violated due to his attorney having a conflict of interest; (2) whether his right to present a defense was violated; (3) whether he suffered from ineffective assistance of counsel; and (4) whether his right to testify in his own defense was violated. *See* ECF No. 770.

The Court has already addressed Mr. Smith's first three arguments. The Court addressed Mr. Smith's claims concerning a conflict of interest when both denying Mr. Smith's Motion for a New Trial, ECF No. 759, and when considering Mr. Smith's Motion to Resolve Conflict, ECF No. 660. "[A]n actual conflict of interest" is "a conflict *that affected counsel's performance*—as opposed to a mere theoretical division of loyalties." *Mickens v. Tayler*, 353 U.S. 162, 171 (2002) (emphasis in original). Mr. Smith argues that the Court erred in relying on the Federal Defenders Office's assessment that there was no conflict of interest. ECF No. 770 at 9. As documented in the Order Memorializing Court's Oral Rulings,

> Mr. Campbell had previously represented to the Court that he had been walled off from Ms. Bridgman's file at the Federal Defenders office, and that his office had resolved any apparent conflict of interest. The Federal Defenders had represented to the Magistrate Judge before Mr. Campbell's appointment that there was no conflict of interest.

ECF No. 669 at 3. As it is within the Federal Defenders Office's expertise to determine whether actual conflicts of interest exist, the Court will continue to give deference to their determination. *See* ECF No. 759 at 9. The Court will not reconsider its finding on the conflict of interest argument.

The Court has also addressed Mr. Smith's claims regarding ineffective assistance of counsel and the right to present a defense. As the Court wrote previously:

> The Court will not grant a new trial based on Mr. Smith's last minute decision to have appointed counsel nor based on the Court's denial of

ORDER DENYING MOTION FOR RECONSIDERATION~ 3

a seventh continuance after trial had been delayed repeatedly and after the Court had warned both the Defendant and stand-by defense counsel more than two months earlier that no further continuances would be granted barring exceptional circumstances. It is unreasonable for Mr. Smith to complain that he was denied effective assistance of counsel and that the counsel whom he requested on the eve of trial had insufficient time to prepare when Mr. Smith previously rejected any counsel. Any prejudice that Mr. Smith alleges he suffered as a result of the appointment of counsel was prejudice that he caused himself and does not create a basis for acquittal or a new trial.

ECF No. 759 at 15–16. As Mr. Smith has presented the same arguments concerning these points, the Court will not reconsider its determination of these issues.

Mr. Smith is correct that the Court did not determine whether an alleged violation of his right to testify merits a new trial which is an issue that Mr. Smith raises for the first time in the current motion. While a defendant has a right to testify in his own defense, that right is not unlimited. *See United States v. Pino-Noriega*, 189 F.3d 1089, 1095 (9th Cir. 1999) ("When a defendant remains 'silent in the face of his attorney's decision not to call him as a witness,' he waives the right to testify.") (quoting *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir. 1993); *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993) ("Thus, waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so.").

During the trial, Mr. Smith requested and was granted an *ex parte* hearing before the Court so he could raise concerns about his representation. ECF No. 714.

ORDER DENYING MOTION FOR RECONSIDERATION~ 4

Mr. Smith discussed how he wanted to call witnesses but never mentioned that he planned to testify himself. *See id.* As Mr. Smith failed to notify the Court of his intention to testify during trial, Mr. Smith is presumed to have waived his right. The Court does not find a "manifest injustice" arising from Mr. Smith's failure to assert his right and will not reconsider its Order.

Accordingly, **IT IS HEREBY ORDERED**:

1) Defendant Louis Daniel Smith's Motion to Expedite, **ECF No. 770**, is **GRANTED**.

2) Defendant Louis Daniel Smith's Motion to Reconsider, **ECF No. 770**, is **DENIED**.

The District Court Executive is hereby directed to enter this order and provide copies to counsel and *pro se* Smith.

**DATED** this 26th day of October 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING MOTION FOR RECONSIDERATION~ 5