FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DANIEL SMITH, also known as Daniel Smith, also known as Daniel Votino (1),<br><br>Defendant. | NO: 2:13-CR-14-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is *pro se* Defendant Louis Daniel Smith's Motion to Vacate under 28 U.S.C. § 2255. ECF No. 874. The Court has reviewed the motion and memorandum, the United States' Response, ECF No. 876, Mr. Smith's Reply, ECF No. 877, and is fully informed.

## BACKGROUND

A grand jury indicted Mr. Smith on January 25, 2013, for one count of conspiracy, in violation of 18 U.S.C. § 371; four counts of introducing misbranded drugs into interstate commerce, in violation of 21 U.S.C. § 331(a); and one count of

ORDER DENYING DEFENDANT'S MOTION TO VACATE ~ 1

smuggling, in violation of 18 U.S.C. § 545. ECF No. 1. The Court also appointed Mr. Terry Ryan as counsel for Mr. Smith on February 27, 2013. ECF No. 77.

On July 9, 2013, the Court issued an order allowing Mr. Smith to proceed *pro se* and changing Mr. Ryan's status from counsel to standby counsel. *Id.* On February 23, 2015, when the issue of the upcoming trial was discussed, Mr. Ryan filed a declaration stating that although he had been standby counsel in Mr. Smith's case for the preceding two years that he could not be ready for trial as counsel for at least another six months. ECF No. 521. The Court replaced Mr. Ryan as counsel with Assistant Federal Defender Matthew Campbell as standby counsel on February 25, 2015. ECF Nos. 524; 525. The Court also granted Mr. Smith's motion for a continuance of the March 4, 2015, trial date. ECF No. 532. Trial was reset to May 18, 2015[1]. ECF No. 541.

Mr. Smith remained *pro se* with Mr. Campbell as appointed standby counsel until Mr. Smith requested to be represented solely by counsel on May 7, 2015, eleven days before trial. One day later, in response to Mr. Smith's request, the Court changed Assistant Federal Defender Mr. Campbell's appointment from standby counsel to serve as Mr. Smith's counsel. ECF No. 626. On May 9, 2015, Mr. Smith

---

[1] The Court expressly ordered that Mr. Campbell would step in as counsel at trial in the event that Mr. Smith stepped down in his *pro se* capacity. ECF No. 541, n. 1.

ORDER DENYING DEFENDANT'S MOTION TO VACATE ~ 2

filed a motion to continue, ECF No. 627, to give counsel additional time to prepare for trial.  The Court denied that motion, noting the entire history of Mr. Smith's case including the history of his *pro se* status and his repeated requests for continuances, and the fact that the Court had granted six continuances over two years for Mr. Smith to prepare for trial, as well as providing assistance of court-appointed professional litigation services.  ECF No. 632 at 11.  The Court also reminded Mr. Smith and Mr. Campbell that they had been warned in March that no additional continuances would be granted beyond May 18, 2015.  *Id.* at 7.

A jury trial commenced on May 18, 2015.  On May 27, 2015, the jury returned a verdict, finding Mr. Smith guilty of one count of conspiracy, three counts of introducing misbranded drugs into interstate commerce with the intent to defraud, and one count of smuggling.  ECF No. 692.  The jury acquitted Mr. Smith on count five, introducing misbranded drugs into interstate commerce.  *Id.*

The Court sentenced Mr. Smith to 51 months of imprisonment and four years of supervised release.  ECF No. 782.  The Ninth Circuit affirmed the Court's judgment on November 14, 2017, and the Supreme Court denied his petition for writ of certiorari on October 1, 2018.  ECF No. 873.  On September 30, 2019, Mr. Smith filed the present Motion to Vacate on the grounds that his rights to effective assistance of counsel and his autonomy rights were violated.  ECF No. 874.

/ / /

/ / /

## LEGAL STANDARD

A court is authorized to vacate a judgment if the court finds that the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law or was otherwise open to collateral attack, or that there was a denial or infringement of the defendant's constitutional rights as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255.

However, section 2255 proceedings are "not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (1993) (citing *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985)). Generally, collateral attacks are subject to the procedural default rule. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Under that rule, a defendant may not raise claims on collateral review that he did not raise on direct review, unless he can show cause and actual prejudice, or that he is innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Massaro*, 538 U.S. at 504 (citing *United States v. Frady*, 456 U.S. 152 167–68 (1982)).

Ineffective assistance of counsel claims, however, are not subject to the procedural default rule. *See Massaro*, 538 U.S. at 504. Ineffective assistance claims may be brought under section 2255 regardless of whether the defendant could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. at 504. Further, an ineffective assistance claim is not procedurally defaulted if the defendant

fails to raise the claim on direct appeal. *Id.* at 509. Thus, a defendant may raise an ineffective assistance claim under section 2255 that he did not raise on appeal. *Id.*

A defendant also may be barred from raising issues that were previously adjudicated by the trial court or appellate court. *See Polizzi v. United States*, 550 F.2d 1133, 1135 (9th Cir. 1976) (a trial court is not required to reconsider an issue previously adjudicated absent a showing of manifest injustice or a change in law). Ninth Circuit caselaw is split over whether issue preclusion and claim preclusion strictly apply in section 2255 proceedings. *Compare United States v. Currie*, 589 F.2d 993, 995 (1979) (a defendant may not raise issues that have been decided adversely on direct appeal) *with Polizzi*, 550 F.2d at 1135 (principles of *res judicata* do not bar a defendant from relitigating issues in a section 2255 proceeding that were raised on direct appeal). However, even under *Polizzi*'s more lenient standard, a trial court is not required to reconsider an issue raised by the defendant that the court previously adjudicated. *See Polizzi*, 550 F.2d at 1135. "A district court may refuse to entertain a repetitive petition absent a showing of manifest injustice or a change in law." *Id.*

## DISCUSSION

**Defendant's Claims**

Mr. Smith alleges several of his constitutional rights have been violated: his right to effective assistance of counsel, his right to testify, and his right to autonomy as defined by *McCoy v. Louisiana*, 138 S. Ct. 1500, 1511 (2018). ECF No. 874.

Mr. Smith subsequently attempted to reframe his ineffective assistance claims in his reply. ECF No. 877. Mr. Smith asks the Court to determine whether he has a Sixth Amendment right to candid counsel. ECF No. 877 at 2. This issue was not presented as a basis for ineffective assistance in his motion. Mr. Smith also asks the Court to consider whether counsel provided ineffective assistance by filing an interlocutory appeal that was "without merit and a waste of time." *Id.* at 9. This issue also was not raised in Mr. Smith's Motion to Vacate. To the extent that Mr. Smith raises new issues, the Court will not consider these as grounds for relief. A party may not raise a new issue in a reply brief. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000). Thus, the Court only considers the issues that Mr. Smith raised in his Motion to Vacate, ECF No. 874.

Even if the Court considered the new issues that Mr. Smith raises in his reply, Mr. Smith neither explains what "candid counsel" is nor cites to any cases supporting his argument. Similarly, Mr. Smith fails to cite to any authority supporting his claim that filing an alleged meritless interlocutory appeal constitutes ineffective assistance. Because Mr. Smith fails to demonstrate any legal basis for these claims, the Court rejects them as grounds for relief.

<u>Right to Effective Assistance of Counsel</u>

Mr. Smith argues that the Court should vacate the judgement against him because his right to effective assistance of counsel was violated.

The Sixth Amendment guarantees the right to effective assistance of counsel to all criminal defendants. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see* U.S. Const. amend. VI. When challenging a conviction based on ineffective assistance of counsel, the defendant bears the burden of showing that (1) his counsel's performance was deficient; and (2) that this alleged deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 686.

First, the defendant must show that counsel's performance was so deficient that it "fell below an objective standard of reasonableness." *Id.* The Court must strongly presume that actions of counsel fall within an objective standard of reasonableness. *Id.* at 689. To rebut this presumption, the defendant must identify specific acts or omissions of counsel that he claims were unreasonable. *Id.* at 690.

Second, upon showing that counsel's performance was deficient, the defendant must show his defense was prejudiced. *Id.* at 687. To do this, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Mr. Smith claims that Mr. Campbell provided ineffective assistance based on several alleged failures: to pursue a lack of specific intent defense at trial; to present any defense at all; to object to "prosecutorial misconduct"; and to object to an alleged violation of attorney-client privilege. ECF No. 874 at 13–25.

The Court previously addressed and rejected ineffective assistance of counsel claims raised by Mr. Smith in his motion for a new trial. ECF No. 717. Specifically, the Court addressed the claims that Mr. Campbell provided ineffective assistance based on his failures to pursue a lack of specific intent defense at trial and to present any defense at all. ECF No. 759 at 10. The Court is not required to reconsider these bases. *See Polizzi*, 550 F.2d at 1135. Moreover, because Mr. Smith has not shown a result of manifest injustice or a change in law, there is no basis for the Court to reconsider these arguments. *See id.*

The Court also, on three occasions, has considered and rejected Mr. Smith's claim that his Sixth Amendment rights were violated when the United States intentionally violated his attorney-client privilege. *See* ECF Nos. 382, 446, and 537. As the Court last explained, the emails between Mr. Smith and his prior attorney, Ms. Lord, are not protected by the Sixth Amendment. ECF No. 537 at 20–21. The Sixth Amendment right to counsel attaches only upon the initiation of formal criminal charges, such as by indictment. *Maine v. Moulton*, 474 U.S. 159, 170 (1985). Because right to counsel does not attach until the initiation of formal criminal charges, there can be no Sixth Amendment violation for intrusions into the attorney-client relationship prior to the indictment. *United States v. Kennedy*, 225 F.3d 1187, 1193–93 (10th Cir. 2000). When the search warrant was issued and the electronic data was seized, no formal adversary proceedings had been initiated against Mr. Smith. The emails that the United States seized were written and read

prior to June 30, 2011. ECF No. 537 at 20. It was not until a year and a half later, on January 23, 2013, that a grand jury returned an indictment for Mr. Smith. ECF No. 1 at 21. Therefore, the right to counsel had not yet attached, and Mr. Smith's Sixth Amendment rights were not violated by the seizure of those potentially privileged emails. ECF No. 537 at 20.

Therefore, the United States did not violate Mr. Smith's constitutional rights by obtaining those emails. *Id.* It was not unreasonable for defense counsel to decide not to relitigate this issue, because there is no legal basis for Mr. Smith's position. Because Mr. Smith fails to meet his burden under *Strickland*, the Court rejects this basis. *See Strickland*, 466 U.S. at 686.

Mr. Smith also alleges that counsel's failure to object to alleged prosecutorial misconduct constitutes ineffective assistance. ECF No. 874 at 15–21. Underlying this claim is Mr. Smith's allegation that the United States violated the Court's order, ECF No. 537, to exclude evidence regarding the safety or efficacy of Miracle Mineral Solution ("MMS"), the product at issue for Mr. Smith's convictions. Mr. Smith argues that the United States violated this order by referring to MMS as "toxic," "dangerous," and "poison" in opening and closing statements. ECF No. 874 at 19–20. The Court rejects this claim. The Court instructed the United States that it was "not precluded from introducing anything about the labeling or what [defendants] provided with the labeling." ECF No. 708 at 35. Each of the characterizations Mr. Smith refers to comes straight from the labelling of MMS or

ORDER DENYING DEFENDANT'S MOTION TO VACATE ~ 9

Sodium Chlorite, Government's Exhibit 1, which the Court admitted. ECF N0. 710 at 34. Thus, the United States did not violate the Court's order.

Similarly, Food and Drug Administration ("FDA") witness Elizabeth Miller did not violate the Court's order when she referred to "severe adverse events" associated with MMS. ECF No. 712 at 95. A similar reference is contained in the FDA consumer health alert that Mr. Smith included in the MMS packages, which the Court admitted as Government's Exhibit 17. ECF No. 712 at 154. Because the United States did not violate the Court's order or otherwise engage in prosecutorial misconduct, it was reasonable for defense counsel to not raise any objections. Further, Mr. Smith fails to allege how Mr. Campbell's failure to object to the alleged prosecutorial misconduct prejudiced his defense. Accordingly, the Court rejects Mr. Smith's ineffective assistance claims on these bases.

The Court additionally rejects Mr. Smith's remaining bases for his ineffective assistance of counsel claim, even including his claim that Mr. Campbell violated his right to candid counsel and his claim that Mr. Campbell should not have filed an interlocutory appeal. Mr. Smith fails to allege anywhere in his brief how his defense was prejudiced by any of Mr. Campbell's actions. Thus, even where Mr. Campbell's actions were not entitled to deference, Mr. Smith fails to meet his burden under *Strickland*. *See Strickland*, 466 U.S. at 686.

Similarly, the Court rejects Mr. Smith's claim that he was denied assistance under *United States v. Cronic*, 466 U.S. 648, 659 (1984). In *Cronic*, the Supreme

Court held the right to effective assistance of counsel requires the "prosecution's case to survive the crucible of meaningful adversarial testing." *Id.* at 656–57. This right is violated where there is a complete denial of counsel or where defense counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659. Mr. Smith claims the latter, arguing "counsel failed completely and meaningfully [to] subject the government's case to the adversarial process." ECF No. 874 at 13–14. The facts demonstrate otherwise. Mr. Campbell cross-examined twelve of the United States' fourteen witnesses. Because counsel meaningfully subjected the United States' case to the adversarial process, the Court rejects Mr. Smith's claim that he was denied assistance under *Cronic*.

Right to Testify

Mr. Smith further alleges that his right to testify was violated. The Court previously disposed of this issue in the Court's order denying Mr. Smith's motion for reconsideration, ECF 776 at 4–5. There, the Court noted that Mr. Smith presumably waived his right to testify as he failed to notify the court of his desire to do so. *Id.*; *see United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993) (waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to testify). To reiterate, Mr. Smith failed to notify the Court of his desire to testify prior to trial. Then during trial, Mr. Smith requested and was granted an *ex parte* hearing before the Court so he could raise concerns about counsel. ECF Nos. 714; 776 at 4. While

Mr. Smith informed the Court in the *ex parte* hearing that he wanted to call other witnesses, he never expressed a desire to testify himself. ECF 776 at 4–5. Thus, Mr. Smith waived his right to testify as he failed to notify the Court of his desire to testify before or during trial. *See Joelson*, 7 F.3d at 177. Because Mr. Smith fails to show a manifest injustice or a change in the law, the Court declines to reconsider this issue. *See Polizzi*, 550 F.2d at 1135.

<u>Right to Autonomy</u>

Mr. Smith also alleges his Sixth Amendment autonomy rights were violated when Mr. Campbell rested without presenting a defense. ECF No. 874 at 13. Specifically, Mr. Smith claims that his autonomy to determine the objective of his case, to exercise his right to a case in defense, was violated. *Id.*

Autonomy claims are distinct from ineffective assistance of counsel claims. *See Zebadiah Kellogg-Roe v. Warden, NH State Prison*, No. 15-CV-116-PB, 2020 WL 1452159, at *5 (D.N.H. Mar. 25, 2020). Autonomy claims are premised on violations of a defendant's "right to make the fundamental choices about his own defense." *McCoy*, 138 S. Ct. 1500, 1511 (2018). Thus, the court must determine if counsel usurped control of an issue within the defendant's sole prerogative. *See id.*

In *McCoy*, the Supreme Court held that "autonomy to decide that the objective of the defense is to assert innocence" belongs solely to the defendant. *McCoy*, 138 S. Ct. at 1508. There, defense counsel conceded guilt over the defendant's "intransigent and unambiguous objection," violating the defendant's autonomy to

assert his innocence. *Id.* at 1507.  Following *McCoy*, the Ninth Circuit has held that the decision to present an insanity defense is an objective solely for the defendant to decide.  *United States v. Read*, 918 F.3d 712, 719 (9th Cir. 2019).  There, defense counsel presented an insanity defense over a competent defendant's clear rejection. *Id.*  Neither of these objectives are at issue here.  Mr. Campbell neither conceded Mr. Smith's guilt nor presented an insanity defense over Mr. Smith's objection.  Instead, Mr. Smith claims counsel violated his autonomy to decide his objective to exercise his "right to a case in defense and right to a fair and full trial."  ECF No. 874 at 13.

While the Constitution guarantees criminal defendants the right to present a defense, *Crane v. Kentucky*, 476 U.S. 683, 690 (1986), Mr. Smith fails to direct the Court to a single case that incorporates this right into *McCoy's* autonomy analysis.  Critically, it is unclear that *McCoy's* holding applies retroactively.  Even assuming that *McCoy* applies retroactively to this collateral proceeding, Mr. Smith has not made "a debatable showing that its holding applies" to this case.  *See United States v. Khan*, 769 F. App'x 620, 623–24 (10th Cir. 2019), *cert. denied*, No. 19-7223, 2020 WL 873603 (U.S. Feb. 24, 2020) (where a defendant fails to show that an alleged error is an autonomy violation under *McCoy*, error is reviewed under *Strickland's* analysis).  Therefore, the Court considers the alleged error under *Strickland,* including its prejudice component.  *See id.* at 624; *see also Medley v. Runnels*, 506 F.3d 857, 861 (9th Cir. 2007) (claims that counsel denied a defendant

the right to testify are analyzed under *Strickland's* ineffective assistance standard); *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000).

Mr. Smith fails to meet his burden under *Strickland*, as he fails to allege or support that a different result would have occurred if he presented a case in defense. *See Strickland*, 466 U.S. at 686. Further, as the Court previously stated, the United States presented overwhelming evidence that Mr. Smith (1) was aware of the illegality of his conduct; (2) intentionally attempted to evade authorities by pretending that MMS was a water purification product rather than a drug; and (3) spearheaded the entire scheme to sell MMS as a drug. ECF No. 759 at 11–13.

Lastly, the Court warned Mr. Smith of the risks of proceeding *pro se* and that it would not further delay trial to accommodate his appointment of counsel so close to trial. ECF Nos. 155, 759 at 15–16. As the Court wrote previously:

> The Court will not grant a new trial based on Mr. Smith's last minute decision to have appointed counsel nor based on the Court's denial of a seventh continuance after trial had been delayed repeatedly and after the Court had warned both the Defendant and stand-by defense counsel more than two months earlier that no further continuances would be granted barring exceptional circumstances. It is unreasonable for Mr. Smith to complain that he was denied effective assistance of counsel and that the counsel whom he requested on the eve of trial had insufficient time to prepare when Mr. Smith previously rejected any counsel. Any prejudice that Mr. Smith alleges he suffered as a result of the appointment of counsel was prejudice that he caused himself and does not create a basis for acquittal or a new trial.

ECF No. 759 at 15–16. Again, the Court will not allow Mr. Smith to reassign any alleged prejudice he suffered to anyone other than himself.

**Evidentiary Hearing**

Section 2255 requires that the Court grant a petitioner's motion to hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court may deny a hearing if the petitioner's allegations, viewed against the record, "fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (citing *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)). Further, "merely conclusory statements" are not enough to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Therefore, to earn the right to a hearing, the petitioner is "required to allege specific facts which, if true, would entitle him to relief." *McMullen*, 98 F.3d at 1159. Mr. Smith has failed to do so. His arguments are nothing more than conclusory statements that fail to demonstrate any prejudice resulting from Mr. Campbell's actions. *See Johnson*, 988 F.2d at 945.

Because the motion, files, and records of the case show that Mr. Smith is not entitled to relief, the Court declines to grant Mr. Smith an evidentiary hearing.

**Certificate of Appealability**

An appeal of this Order may not be taken unless a circuit justice or judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253. A district court may only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* The Supreme Court held that

ORDER DENYING DEFENDANT'S MOTION TO VACATE ~ 15

when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

Mr. Smith has failed to establish any debatable basis upon which any jurist of reason would find that Defendant states a valid claim of the denial of a constitutional right or whether this Court has jurisdiction to hear his claim. Therefore, the Court finds no basis to issue a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate under Section 2255, **ECF No. 874**, is **DENIED**.

2. The Court certifies in accordance with 28 U.S.C. § 2253 that none of the issues that Mr. Smith raises involves a substantial showing of the denial of a constitutional right, as set forth above. Therefore, a certificate of appealability is denied. 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel and *pro se* Defendant, and **close this case.**

**DATED** April 3, 2020.

*s/ Rosanna Malouf Peterson*<br>
ROSANNA MALOUF PETERSON<br>
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO VACATE ~ 16